IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY B. ENGSTROM and WILLIAM R. ENGSTROM, Individually and on Behalf of All Others Similarly Situated, | : <br> : <br> : <br> : No. 11 Civ. 01232 SAS |
| Plaintiffs, | : ECF Case |
| vs. | : |
| ELAN CORPORATION, PLC, G. KELLY MARTIN and SHANE COOKE, | : <br> : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY THOMAS H. BOWN, II
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL
OF HIS SELECTION OF LEAD COUNSEL**

**I.   INTRODUCTION**

Thomas H. Bown, II ("Mr. Bown" or "Movant"), respectfully submits this Memorandum of Law in support of his Motion for (1) appointment as Lead Plaintiff and (2) for approval of his selection of Lead Counsel. With estimated losses in excess of $82,000.00 arising from his purchase of publicly traded American Depository Shares ("ADS") of Elan Corporation, plc ("Elan" or the "Company") between July 2, 2009 and August 5, 2009 (the "Class Period"), Mr. Bown has the "largest financial interest" in this putative class action, and otherwise meets the requirements of the Private Securities Litigation Reform Act ("PSLRA").

In making a determination on the appointment of lead plaintiff, the Court should consider the movant who is "most capable of adequately representing the interests of class members." 15

1

U.S.C. §78u-4(a)(3)(B); *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010). As demonstrated below and pursuant to the PSLRA, Movant is the "most adequate" plaintiff to represent those who purchased or otherwise acquired publicly traded ADS of Elan during the Class Period and he should be appointed as Lead Plaintiff. In addition, Movant has selected and retained Shepherd Finkelman Miller & Shah, LLP ("SFMS") to serve as Lead Counsel, a law firm with extensive experience in prosecuting securities fraud and other complex litigation matters. Accordingly, Movant's selection of counsel should be approved.

## II. SUMMARY OF ALLEGATIONS[1]

Presently pending before the Court is a securities class action lawsuit (the "Action") brought on behalf of those persons or entities that purchased or otherwise acquired the publicly traded ADS of Elan during the Class Period. The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78(j)(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) against Elan, as well as the following individuals, who occupied senior management positions during the Class Period: G. Kelly Martin, the Company's President and Chief Executive Officer, and Shane Cooke, the Company's Chief Financial Officer (collectively, "Defendants").

Elan, a corporation headquartered in Dublin, Ireland, operates as a neuroscience-based biotechnology company. Complaint, ¶2. In August 2000, Elan entered into a collaboration agreement with Biogen Idec Inc. ("Biogen"), which involved the development and sale of the multiple sclerosis drug Tysabri (the "Collaboration Agreement"). *Id.*, ¶¶3, 12. The

---

[1]These facts are based upon the complaint, (*Mary B. Engstrom and William R. Engstrom v. Elan Corporation, plc, et al.*, No. 11 Civ. 01232 (S.D.N.Y.)), filed on February 22, 2011 (the "Complaint").

Collaboration Agreement provided that if either Elan or Biogen were to experience a change of control, the other company could negotiate to purchase the full rights to Tysabri. *Id.*, ¶¶3, 12.

On July 2, 2009, Elan and Johnson & Johnson ("JNJ") announced an agreement whereby JNJ would acquire substantially all of the assets and rights of Elan concerning its Alzheimer's Immunotherapy Program. *Id.*, ¶13. Further, JNJ would invest $1 billion in Elan in exchange for ADS of Elan, which represented 18.4% of Elan's outstanding shares. *Id*.

The Complaint alleges that Defendants failed to disclose to investors that Elan had breached the Collaboration Agreement by designating an obligation to JNJ that it already had to Biogen. *Id.*, ¶17. In a July 28, 2009 letter to Elan, Biogen alleged that Elan was in material breach of the Collaboration Agreement for the development and marketing of Tysabri. *Id.*, ¶18. Subsequently, in August 2009, Elan filed suit against Biogen in this District regarding the JNJ/Elan transaction, indicating that Biogen made statements relating to Elan's ability to obtain financing from JNJ to potentially purchase Tysabri rights, without being in possession of the relevant agreement related to the transaction. *Id.* As a result of the disclosure concerning the breach of the Collaboration Agreement, the price of Elan's ADS declined from $8.01 to $7.64 in one day as artificial inflation came out of the price. *Id.*, ¶20.

On September 4, 2009, this Court (Batts, J.) ruled that the agreement between Elan and JNJ violated Elan's Collaboration Agreement with Biogen. *See* Complaint, ¶21. Elan was ultimately forced to renegotiate its agreement with JNJ, whereby JNJ paid $115 million less to Elan than previously agreed. *See id.*, ¶24.

### III.   ARGUMENT

#### A.   Movant Is The Most Adequate Applicant And Should Be Appointed Lead Plaintiff

##### 1.   Compliance With The Notice And Filing Provisions Of The PSLRA

The PSLRA establishes a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(I).  *See generally City of Monroe Employees' Retirement System v. The Hartford Financial Services Group, Inc.,* No. 10 Civ. 2835 (NRB), 2010 WL 2816797, at *1 (S.D.N.Y. July 15, 2010) (discussing the PSLRA's "three-step process for identifying the lead plaintiff").  Pursuant to this procedure, the plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action.  This notice must inform class members of their right to file a motion for appointment as lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  Within sixty (60) days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Here, notice of the filing of this Action was published on February 25, 2011, following the filing of the Complaint.  *See* Exhibit "A" to the Declaration of Patrick A. Klingman ("Klingman Dec.") submitted herewith.[2]  Accordingly, the time period in which Class members may move to be appointed Lead Plaintiff in this case expires on April 26, 2011.  *See* 15 U.S.C.

---

[2]The notice was issued over *Business Wire,* which meets the PSLRA's definition of a "widely-circulated national business-oriented publication or wire service."  15 U.S.C. § 78u-4(a)(3)(A)(I).  *See, e.g., Bassin v. deCODE Genetics, Inc.,* 230 F.R.D. 313, 314 (S.D.N.Y. 2005).

§78u- 4(a)(3)(A) and (B).  Movant now timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the proposed Class.

The Certification of Thomas H. Bown, II, attached to the Klingman Dec. as Exhibit "B," states that Mr. Bown is authorized to prosecute these claims, has reviewed the allegations of the Complaint and that he is willing to serve as a representative on behalf of the Class.  In addition, Movant has selected and retained competent counsel to represent him and the Class.  The firm resume for SFMS is attached as Exhibit "C" to the Klingman Dec.  Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have his Motion for Appointment as Lead Plaintiff granted, and his selection of SFMS as Lead Counsel approved by the Court.

### 2. Mr. Bown Has Suffered The Largest Loss Of Any Other Movant

The PSLRA provides that, within ninety (90) days after publication of the notice, a court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate
> plaintiff in any private action arising under this [Act] is the person
> or group of persons that
>
> > (aa) has either filed the complaint or made a motion
> > in response to a notice...;
> >
> > (bb) in the determination of the court, has the
> > largest financial interest in the relief sought by the
> > class; and

5

>> (cc) otherwise satisfies the requirements of Rule 23
>> of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); see In re eSpeed, Inc. Sec. Litig., 232 F.R.D. 95, 97-98 (S.D.N.Y. 2005).

During the Class Period, Mr. Bown purchased Elan ADS and suffered significant losses. Specifically, as reflected in his Certification (Exhibit "B" to the Klingman Dec.), Mr. Bown purchased a total of 79,000 ADS during the Class Period and, after subtracting for their retained value, Movant has suffered estimated losses in excess of $82,000.00,[3] which demonstrates Mr. Bown's financial interest in the outcome of the Action. To the best of Movant's knowledge, there are no other applicants seeking appointment as lead plaintiff that have a larger financial interest. Therefore, Mr. Bown satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in the Action, and should be appointed as Lead Plaintiff pursuant to 15 U.S.C. §78u-4 (a)(3)(B).

### 3. No Grounds Exist To Challenge Mr. Bown's Adequacy As Lead Plaintiff

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." In selecting a lead plaintiff, it is well established that "typicality and adequacy of representation are the only provisions [of

---

[3] Under the PSLRA, losses are calculated as the difference between the purchase or sale price paid and the mean trading price over a ninety (90) day period beginning after the close of the class period. See 15 U.S.C. § 78u-4(e)(1). Here, the mean trading price over a ninety (90) day period following the end of the Class Period is $6.92 per share. A chart reflecting the calculation of Mr. Bown's losses based on this mean closing price is attached as Exhibit "D" to the Klingman Dec.

Rule 23] relevant to the determination of lead plaintiff under the PSLRA." *Shi v. Sina Corp.*, No. 05 Civ. 2154, 2005 WL 1561438 (NRB), at *2 (S.D.N.Y. July 1, 2005). Further, only a preliminary showing of typicality and adequacy is required at this stage of the litigation. *eSpeed*, 232 F.R.D. at 102. Movant should be appointed Lead Plaintiff because he satisfies the typicality and adequacy requirements of Rule 23.

Under Rule 23(a)(3), typicality is satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise." *eSpeed*, 232 F.R.D. at 102. Here, Mr. Bown satisfies this requirement because, just like all other Class members, he bought Elan ADS during the Class Period; the prices at which those purchases were made were artificially inflated because of Defendants' materially false and misleading statements and/or omissions; and he suffered damages as a result of Defendants' conduct. Thus, Movant's claims arise out of the same course of events as those of other Class members and are typical.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." This Court has found the adequacy requirement satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Shi,* 2005 WL 1561438, at *2.

Here, Mr. Bown is an adequate representative of the Class. He is a semi-retired real estate investor, who has sustained substantial damages as a result of his purchases of Elan ADS. His damages ensure that he will be motivated to vigorously prosecute this case on behalf of the Class. Further, there is no evidence of any antagonism between Mr. Bown and the Class. In

addition, as shown below, Movant's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Movant satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### C. The Court Should Approve Movant's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), Movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  *See Kuriakose v. Federal Home Loan Mortgage Co.,* No. 08-cv-7281 (JFK), 2008 WL 4974839, at *9 (S.D.N.Y. Nov. 24, 2008).  Mr. Bown has selected SFMS to serve as Lead Counsel in this case.  SFMS has substantial experience in the prosecution of shareholder, securities and other complex litigation, and has the resources necessary to efficiently conduct this litigation.  *See* Exhibit C to Klingman Dec.  Accordingly, the Court should approve Mr. Bown's selection of Lead Counsel.

## IV. CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that the Court: (i) appoint Mr. Bown as Lead Plaintiff in this Action and (ii) approve the Movant's selection of Shepherd, Finkelman, Miller & Shah, LLP to serve as Lead Counsel.

Dated: April 26, 2011             Respectfully submitted,

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP

 /s Patrick A. Klingman
James E. Miller
Patrick A. Klingman (PK-3658)
Karen Leser-Grenon
65 Main St.
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (860) 526-1120
Email: jmiller@sfmslaw.com
          pklingman@sfmslaw.com
          kleser@sfmslaw.com

Lesley E. Weaver
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
199 Fremont St., 20th Floor
San Francisco, CA 94105-2255
Telephone: (415) 992-7282
Facsimile: (415) 489-7701
Email: lweaver@sfmslaw.com

**Attorneys for Movant,
Thomas H. Bown, II**